UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VERTOS MEDICAL, INC.,

    Plaintiff,

    v.

GLOBUS MEDICAL, INC.,

    Defendant.

_____/

No. C 09-1411 PJH

**ORDER DENYING MOTION FOR ORDER SHORTENING TIME**

This is a trademark infringement suit, filed March 31, 2009. On June 29, 2009, plaintiff Vertos Medical, Inc. ("Vertos") filed a motion for a preliminary injunction, noticed for hearing on August 5, 2009. Defendant Globus Medical, Inc. ("Globus") filed a request for an order continuing the briefing schedule and hearing on the motion, and an order permitting "early discovery" that Globus asserted was necessary to oppose the motion.

The motion was granted on July 14, 2009, and the court continued the hearing on the motion for preliminary injunction to October 28, 2009. As Globus had not specified the exact discovery it was seeking, the order limited Globus to propounding no more than 15 individual document requests and 15 separate interrogatories, and also authorized Globus to take the deposition of Vertos' CEO, and a 30(b)(6) witness, with each deposition to last no more than 8 hours. The order also specified that all discovery must be completed by September 15, 2009, and that Globus' opposition to the motion for preliminary injunction would be due on September 30, 2009.

On July 22, 2009, Globus served the 30(b)(6) notice of deposition. The notice lists

1  66 subject matter categories for which Vertos is required to prepare a deposition witness or
2  witnesses. The deposition is scheduled to take place on September 2, 2009.

3  At approximately 8:00 p.m., on Tuesday, August 25, 2009, more than a month after
4  receiving the 30(b)(6) deposition notice, Vertos filed a motion for a protective order. In its
5  motion, Vertos asserts that the deposition notice is overly burdensome because of the
6  excessive number of categories of information listed, and also contends that some of the
7  listed categories seek information that is not relevant to the pending motion for preliminary
8  injunction. Vertos seeks an order requiring Globus to amend its deposition notice to limit
9  the number of subject matter categories to 10, and limiting those categories to facts and
10 issues relevant to the pending motion for preliminary injunction. Vertos did not notice a
11 hearing date.

12 Along with its motion for a protective order, Vertos filed a motion for an order
13 shortening time, seeking to have the motion for protective order heard on some unspecified
14 date prior to September 2, 2009. Vertos claims that it "attempted" to meet and confer with
15 Globus on August 21, 2009, and requested that Globus reduce the number of categories in
16 the deposition notice. However, Globus apparently refused.

17 Vertos states that "[i]f [it] had realized immediately upon receipt of the deposition
18 notice how excessive Globus' categories were, [it] could have properly noticed a hearing."
19 However, Vertos adds, "due to the birth of the daughter of the attorney assigned to
20 discovery, by the time [Vertos'] counsel realized that Globus had ignored the Court's
21 direction for 'limited' discovery, a regularly noticed motion was impossible."

22 The request is DENIED. The court's schedule does not permit a hearing on a
23 motion for a protective order at any time prior to September 2, 2009. In addition, however,
24 the court finds that both parties have acted unreasonably. Vertos has shown inadequate
25 diligence in pursuing a protective order, and the court cannot imagine that Globus
26 reasonably believes that 66 categories of information in a single 8-hour 30(b)(6) deposition
27 is appropriate for "limited" discovery.

28 Although the court will not hear the motion for a protective order, the court hereby

ORDERS as follows. Globus shall limit the 30(b)(6) categories to a more manageable number, and to solely those subjects actually required to oppose Vertos' motion. Otherwise, Globus will be obliged to oppose the motion for preliminary injunction without the 30(b)(6) deposition. The parties shall meet and confer, and resolve this dispute on their own. If they are unable to do so, they must so advise the court in writing, no later than Monday, August 31, 2009, at noon. In that eventuality, the court will set an arbitrary number.

**IT IS SO ORDERED.**

Dated: August 27, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge